## Matilda Frazee v. Nannie M. Greer.

(Decided February 15, 1927.)

Appeal from Jefferson Circuit Court
(Common Pleas, Fourth Division).

Damages—Damages for Painful Injuries, Including Broken Arm, with Permanent Partial Loss of Use, Held Excessive.—$5,414 damages for painful injuries, including broken arm, with permanent partial loss of use, held flagrantly and palpably excessive.

J. S. McELROY for appellant.

R. L. PAGE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellee, Mrs. Nannie M. Greer, was riding in an automobile of one Egbert on Bank street where it intersects with 27th street in Louisville, when Miss Frazee, who was driving another car on 27th street, suddenly ran into and against the car in which Mrs. Greer was

riding, knocking Mrs. Greer from the car to the street, breaking her arm and otherwise injuring her, and this suit was commenced by Mrs. Greer to recover damages of Miss Frazee for the injuries thus sustained. The jury awarded her $5,544.00. Later the appellee remitted $130.00 of that sum, leaving $5,414.00, and judgment was entered for that sum against Miss Frazee, and from that judgment she appeals.

Several grounds are relied upon for a reversal of the judgment, but we think it necessary to consider but one of these in this opinion, although we have carefully considered all of them in consultation. Complaint is made that the verdict and judgment are excessive, the nature, extent and character of the injuries considered, and we are of opinion that this complaint is well taken. While Mrs. Greer suffered a very painful injury and has lost some of the motion, and therefore, the use of her arm, the permanent injury which she has sustained is not great and does not seem to warrant a judgment of $5,000.00. The jury gave her the full amount she asked for the injury, doctor bills, hospital bills and other items. She remitted $130.00 of this and still has the sum of $5,414.00. The evidence as presented seems to clearly show that Miss Frazee was guilty of negligence which brought about the injury of Mrs. Greer, and appellant will perhaps be unable to avoid a verdict against her upon another trial, but if the evidence as to the injuries sustained by Mrs. Greer should be the same upon another trial as upon the last trial, the verdict should not be for so great a sum, because it is manifestly flagrantly and palpably excessive.

The instructions given by the trial court to the jury seem to embody the law of the case, rested upon the facts presented at the last trial. The complaint of errors in the admission of evidence need not now be considered, because grounds for similar complaints will probably not arise upon another trial. All questions not specifically decided are reserved, and the case is remanded for new trial.

Judgment reversed.